UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICARDO CAPELLO,

                Plaintiff,

     v.

LESLIE SZIEBERT et al.,

                Defendants.

CASE NO. C13-5275 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
AUGUST 9, 2013

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

      Plaintiff and defendant Howard Welsh have reached an agreed settlement and the terms of their agreement are set forth in the motion they have filed (ECF No. 28). Neither party is represented by counsel and have apparently drafted the agreement without legal advice.

      In the agreement the parties state that the action will become finally and irrevocably settled "upon the fulfillment of the conditions and obligations, that are set forth in the

REPORT AND RECOMMENDATION - 1

1  agreement." (ECF No. 28, p. 2). The parties thereupon set forth a "STATEMENT OF FACTS"
2  that appear to be clearly designed to assist plaintiff in pursuing his case against the other
3  defendants (*id.* p. 2 – 5).
4      The parties then set forth "CONDITIONS AND OBLIGATIONS OF SETTLEMENT,"
5  which include, among other things a condition that obligates defendant Welsh to serve as
6  "Durable Power of Attorney for Health Care for [the] plaintiff for as long as plaintiff wishes."
7  (ECF No. 28, p. 6) and to serve as a consultant to plaintiff "without compensation to devise and
8  implement a plan of care, whereby Plaintiff is assigned to a real Medical Home as defined by the
9  Washington State Legislature: (Section 4 of E2SSB 5930; also referred to as : RCW 74.09.710)"
10 (*id.*). Additionally, defendant Welsh has agreed to serve as an expert witness (*id.*).
11     Finally, the agreement states that "Plaintiff agrees to release Defendant Howard W.
12 Welsh from all further liabilities associated with the matter of Capello vs. Sciebert, et al, based
13 on the fulfillment of the agreed upon above-stated conditions and obligations . . . ." (*id.* at 7).
14     By this report, the Court does not mean to comment upon the legality or enforceability of
15 this agreement or any part thereof, but rather to observe that the agreement appears to be a
16 conditional agreement and that the parties do not intend for it to result in the dismissal and
17 release of defendant Welsh until the satisfaction of certain conditions that have not yet come to
18 pass.
19     Accordingly, the Court recommends that no action be taken on this motion to dismiss
20 defendant Welsh at this time.
21     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
22 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
23 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
24

1 | review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit
2 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
3 | August 9, 2013, as noted in the caption.
4 | Dated this 10th day of July, 2013.

J. Richard Creatura
United States Magistrate Judge