UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICARDO CAPELLO,<br><br>               Plaintiff,<br><br>   v.<br><br>LESLIE SZIEBERT et al.,<br><br>               Defendant. | CASE NO. C13-5275 BHS-JRC<br><br>ORDER |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Plaintiff asks the Court to order that he be physically present at all depositions, even if they are conducted off McNeil Island (ECF 55). In the alternative, plaintiff asks that all depositions be conducted on McNeil Island.  The Court denies plaintiff's motions.

Plaintiff is a resident of the Special Commitment Center located on McNeil Island.  At least one person who is a party to this action, defendant Howard Welsh, is barred from returning to the Special Commitment Center.

1  Defendants oppose plaintiff's motions and outline the steps defendant Welsh would need
2  to go through to be allowed back on the Island (ECF No. 60). Defendants state that if the
3  deposition takes place at the "Attorney General's Office in Tacoma, as previously agreed by the
4  parties, "the undersigned will make certain that Plaintiff is present by telephone." (ECF No. 60).
5  Defendants also state that other persons who no longer work at the Special Commitment Center
6  can be deposed telephonically (*id.*). Defendants argue that this Court may not have jurisdiction to
7  order plaintiff's removal from McNeil Island (ECF No. 60, p. 3). On this last point, the Court
8  disagrees. The Court has in personam jurisdiction over the parties who have been served or have
9  appeared before it and can require their presence.

10  Plaintiff replies and argues that defense counsel is seeking to have plaintiff turn over his
11  theories of the case because he would have to disclose documents in order for all sides to have
12  copies of the documents for any telephonic deposition. Plaintiff also argues in his reply that he is
13  deaf in one ear and hearing impaired in the other, making it difficult to hear a telephonic
14  deposition (ECF No. 62).

15  The Court has wide discretion regarding discovery and the standard of review is abuse of
16  discretion. *Wharton v. Calderon*, 127 F.3d 1201, 1205 (9th Cir. 1997). The Court holds that
17  plaintiff's argument concerning the disclosure of materials prior to depositions is without merit.
18  Telephonic depositions are regularly used to facilitate discovery and pre-disclosure of documents
19  is not usually a barrier to effective examination.

20  Regarding plaintiff's hearing loss, plaintiff states that he reads lips (ECF No. 62). This is
21  a new issue that defendants are unable to respond to because it was first raised in a reply. The
22  Court orders that defendants provide plaintiff with a speaker phone with adjustable volume for
23  any telephonic depositions. If plaintiff is unable to participate over a speaker phone because of
24

1  his hearing impairment, then the parties may consider having another person present with
2  plaintiff who can repeat what is being said. If the parties cannot agree on who will aid plaintiff,
3  then the Court is available to consider another motion where all parties have a chance to brief the
4  issue.

5  Dated this 5th day of November. 2013.

_____
J. Richard Creatura
United States Magistrate Judge